INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, PLAINTIFF v. GALLOS PLASTICS CORPORATION, HUSKY INJECTION MOLDING SYSTEMS, LTD., AND AETNA INSURANCE COMPANY, DEFENDANTS

No. 7921SC805

(Filed 15 April 1980)

**Insurance § 121— fire in rented premises—no coverage**
    Provision of an insurance policy issued by plaintiff excluding from coverage "property owned or occupied by or rented to the insured . . ." applied to the loss in question so as to exclude coverage where it was uncontradicted that the premises damaged by fire were both occupied by and rented to the insured.

APPEAL by defendant Gallos Plastics Corp. from *Walker (Hal H.), Judge.* Judgment entered 16 May 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 5 March 1980.

Plaintiff brings this declaratory judgment action to determine whether it is liable under a Special Multi-Peril insurance policy it issued to defendant Gallos Plastics Corporation (Gallos). Plaintiff insurer alleges that in April 1975 Gallos was lessee of the building which housed its manufacturing operations, and that building was damaged by fire. Defendant Aetna Insurance Com-

pany (Aetna), which insured the owner of the building, brought suit against Gallos and defendant Husky Injection Molding Systems, Ltd., alleging that their negligence caused the fire. Gallos demanded that plaintiff provide coverage under its policy and assume the defense of the suit by Aetna. Plaintiff seeks a judgment that under the terms of the policy it has no duty to defend or to provide coverage to Gallos.

The trial court found facts and concluded that Exclusion (i) of Coverage C, Section II of plaintiff's policy issued to defendant Gallos excluded the loss from coverage. Gallos appeals.

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Kenneth R. Keller, for plaintiff appellee.*

*Whiting, Horton & Hendrick, by Philip B. Whiting and Hamilton C. Horton, Jr., for defendant appellant Gallos.*

ARNOLD, Judge.

We find no error in the trial court's interpretation of the policy here. The clause which grants coverage reads in pertinent part:

I. COVERAGE C—BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies . . . arising out of the . . . use of the insured premises . . . and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage. . . .

Exclusion (i), upon which the court relied in determining that coverage does not extend to the present loss, provides: "This insurance does not apply . . . (i) to property damage to (1) property owned or *occupied by or rented to* the insured . . . ." (Emphasis added.)

It is uncontradicted that the premises which were damaged by the fire were both occupied by and rented to the insured, defendant Gallos. Defendant nevertheless argues that the word

"property" in the exclusion refers only to personal property, or in the alternative that the granting clause and the exclusion read together create an ambiguity which must be resolved in defendant's favor. We are unpersuaded.

Defendant's argument that "property" means only personal property is not a reasonable interpretation of the word in context. Property "occupied by" the insured, a corporation engaged in manufacturing, ordinarily would be understood to mean realty, not personalty. "[I]n the construction of an insurance policy, nontechnical words, not defined in the policy, are to be given the same meaning they usually receive in ordinary speech . . . ." *Grant v. Emmco Ins. Co.*, 295 N.C. 39, 42, 243 S.E. 2d 894, 897 (1978).

Nor do we find that the granting clause and the exclusion, read together, create an ambiguity. The granting clause provides coverage for all liability for bodily injury and property damage arising out of the use of the insured premises. Exclusion (i)(1) removes from coverage property with a particular relationship to the insured. It does not, as defendant argues, make the granting clause a nullity, since coverage remains for liability arising out of bodily injury and damage to other property. "[A] contract of insurance should be given that construction which a reasonable person in the position of the insured would have understood it to mean . . . ." *Id.* at 43, 243 S.E. 2d 897. We believe that a reasonable person in Gallos' position would have understood that Exclusion (i)(1) removed from coverage the premises involved here.

Defendant's further argument regarding exceptions in Exclusions (a) and (e) is without merit. And while it is true, as defendant argues, that Exclusion (i)(1) removes from coverage "a substantial risk . . . for which liability coverage is needed," plaintiff points out that coverage to lessees for leased premises is available in a separate policy which defendant did not purchase. "Where there is no ambiguity in the language used in the policy, the courts must enforce the contract as the parties have made it and may not impose liability upon the company which it did not assume and for which the policyholder did not pay." *Id.* at 43, 243 S.E. 2d 897.

The judgment of the trial court is

Affirmed.

Chief Judge MORRIS and Judge VAUGHN concur.